## Lloyd v. Thomas, etc., et al.

*Edward Friedman*, for plaintiff.

*McNees, Wallace & Nurick, Samuel A. Schreckengaust*, for defendants.

RUPP, J., June 9, 1947.—This matter comes before us on a petition, and rule granted thereon, to set aside service of a summons in assumpsit.

The petition avers, inter alia, that plaintiff, by deliberate false representations, induced defendants to come within the jurisdiction of this court for the purpose of making service, and that service obtained pursuant to such a scheme is illegal and ineffective.

Plaintiff filed an answer denying the above allegation of the petition.

The court heard the matter on the above issue raised by the pleadings.

It is, of course, settled that where a defendant is enticed into a jurisdiction by a plaintiff's misrepresentations for the purpose of making service, the service is illegal, and that upon proof that service has been effected by fraud, trickery or artifice it will be set aside: 1 Standard Pa. Practice 453; 42 Am. Jur. 32; Trattner v. Forman & Barsh, 10 Dist. R. 566 (1901); Harbison-Walker Refractories Co. v. Fredericks et al., 12 Dist. R. 419 (1903).

Here, the evidence discloses that defendants-petitioners are sales representatives of liquor manufacturers, with their principal office and place of business in Indianapolis, Ind., and with no office or place of business in Pennsylvania; that plaintiff-respondent is a resident of Philadelphia, Pa., and a sales representative in Pennsylvania for various liquor interests; that prior to August 1946 respondent had been employed by petitioners on a commission basis; and that a dispute arose concerning certain commissions allegedly due respondent.

On August 29, 1946, respondent, from Pittsburgh, wrote to petitioners, in Indianapolis, in part, as follows:

"I always had a high regard for both of you but unless you do something to adjust my claim to both yours and my satisfaction believe me neither my friends or myself will stop in the prosecution of my case against you. It is a legitimate claim for money earned and I have the letters to prove it. So why not be fair enough to meet me and talk it over. You need not be afraid to meet me as I will not bring suit until you refuse all efforts of settlement."

On September 7th one of the petitioners, George B. Thomas, from Indianapolis, telephoned respondent in Philadelphia, acknowledged receipt of the letter, and discussed a suitable time and place for meeting for the purpose of considering any misunderstanding between the parties. It was finally agreed that they

should meet in Harrisburg on September 11th. Mr. Thomas then requested respondent to obtain a hotel reservation for petitioners, to arrange an appointment for all the parties with a Mr. Behney, at the Pennsylvania Liquor Control Board, and to wire petitioners concerning any arrangements he was able to make. The purpose of the appointment with Mr. Behney was to discuss the listing of one of petitioners' products for sale by Pennsylvania Liquor Stores with respondent as their State representative, provided the differences between the parties were amicably adjusted.

Respondent procured the hotel reservation, made the appointment with Mr. Behney for September 11th, and so notified petitioners by telegram on September 9th, adding that he, respondent, would reach Harrisburg between 3 and 4 p.m. on September 11th.

In accordance with the above plans, petitioners left Indianapolis on Tuesday evening, September 10th, and arrived in Harrisburg the following morning. They immediately proceeded to the Harrisburger Hotel, where the reservation had been made, were assigned a room around 9 a.m. and were served with the summons in assumpsit at 9:20 a.m.

Suit had been instituted the preceding day, September 10th, and on that date counsel for respondent arranged for the service with the Sheriff of Dauphin County.

Respondent did not keep his appointment with petitioners, and although the latter remained at the hotel until evening he did not contact them and made no subsequent effort to explain his failure to appear.

Around September 18th, petitioner, William S. Thomas, called respondent by telephone and during the course of the conversation observed that the service was a "dirty trick", to which respondent replied, "I thought it was a dirty trick that you didn't pay me what you owed me".

From all the foregoing it is clear that, reassured by respondent's written statement that he would not institute suit, petitioners came into this jurisdiction pursuant to respondent's letter requesting a conference on his alleged claim, and pursuant to his telegram stating that he would be in Harrisburg on the date previously arranged by telephone. It is likewise clear that respondent had no intention of meeting petitioners and that by prearrangement with his counsel he had planned to have them served upon their arrival.

Under these circumstances, we have no hesitancy in finding that the service was obtained through fraud, trickery and artifice and accordingly must be set aside.

In his answer respondent also maintains that the rule should be dismissed because the appearance entered for petitioners de bene esse on September 21st, for the purpose of questioning the jurisdiction of this court, became a general appearance before they filed a self-sustaining and properly verified petition to set aside service; hence thereafter they could not question the manner of service.

Rule 122 of this court provides:

"An appearance de bene esse shall become general unless within ten (10) days after the return day of the writ in actions not governed by the Practice Act of 1915, and within ten (10) days after the actual return of the writ in actions governed by said Practice Act, the party entering said appearance shall file exceptions to said writ or to the manner of service or any other alleged irregularity."

The return day of the writ was September 23rd. On October 2nd petitioners' attorney filed the petition with his supporting affidavit. An affidavit of defendants supporting the petition was filed on October 9th, or 16 days after the return day of the writ. We think this procedure was a substantial compliance with, and within the spirit of, the rule.

In any event, we would not permit our rules to stand in the way of our correcting a fraud and thus assist litigants to enjoy the fruits of their wrongful acts.

And now, June 9, 1947, the rule to set aside the service of the summons in assumpsit is hereby made absolute.