## Fitelson v. Acuff

*Nicholas R. Degillio*, for plaintiff.

*Max Rosenn* and *Joseph J. Savitz*, for defendant.

APONICK, P. J., March 20, 1958.—The complaint in this action of assumpsit alleges that plaintiff and defendant entered into a contract on August 23, 1951,

by which plaintiff engaged defendant to perform as an entertainer at plaintiff's park, known as "Playland Park," on September 4, 1951. It is then alleged that defendant failed to comply with the terms of the contract and suit is brought to recover damages for such breach.

The complaint was verified July 24, 1956, and filed July 26, 1956. It was served on defendant on July 26, 1956, at 10:40 p.m., at which time defendant had just completed a performance for plaintiff under a subsequent contract.

Defendant filed preliminary objections to the complaint raising questions of the jurisdiction of the court and the sufficiency of the complaint. The material allegations of the preliminary objections to the jurisdiction of the court are as follows:

"6. Personal service of process on the defendant was procured by fraud, trickery, and artifice, and said service was planned well in advance of the defendant's appearance in this local jurisdiction. Furthermore, the facts and surrounding circumstances indicate that defendant was hired for the sole purpose of inducing him into the local jurisdiction for the purpose of personal service upon him for an alleged claim against him arising out of the aforesaid stated circumstances, relative to the alleged non-appearance of the defendant on September 4, 1951.

"7. That because of the fraud, trickery, and artifice, and the unlawful means of inducing the defendant into the jurisdiction for the sole purpose of serving process on him, this Honorable Court does not have jurisdiction of the person of the defendant.

"8. That because of plaintiff's deceitful contrivance, manner of inveigling, and enticing, and use of a wrongful device to induce the defendant within the jurisdiction of this Court for the sole purpose of obtaining service of process on him, such process was served upon

the defendant by improper means and therefore is invalid."

These preliminary objections, duly endorsed with the proper notice to plead, were served on plaintiff's attorney. No answer thereto has been filed. Where preliminary objections containing facts not of record are properly endorsed and no answer is filed, the facts must be taken as true: 2 Anderson Pa. Civ. Prac. 308; Hutchinson v. Metterling, 2 D. & C. 2d 793, 794; Cohen v. Delaware, Lackawanna & Western R. R. Co., 7 D. & C. 2d 235.

The only question left for determination is whether the facts alleged constitute grounds for setting aside the service. There is no appellate court case which we have been able to find that discusses this problem, but the language of Judge Eagen in National Paper Corporation v. Scheck, 47 Lack. Jur. 189, is so clear and to the point that we can do no better than to quote it. He said, at page 191:

"The other question raised by this motion is most interesting and apparently has never been passed upon by our appellate courts. The rule is generally well established, however, that if personal service of process is procured by fraud, trickery or artifice, the court does not have jurisdiction of the person served and such service should be set aside upon proper application. See cases cited: 42 Am. Jur. 32; Ann. Cases 1916C 612; 37 A. L. R. 1255; 25 L. R. A. 733 and 1 Penna. Standard Practice 453. Relief is granted in such cases not because, by reason of the fraud, the court did not obtain jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. 'Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed or induced, by any false representa-

tion, deceitful contrivance or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him, in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside': American Jurisprudence, Volume 42, Section 35.

"This rule has been recognized as the law and followed in several of our lower courts. See Harbison-Walker Refractories Company v. Fredericks, 12 Dist. Rep. 419; Holstetter v. Hirsch, 14 Lanc. L. R. 110; Fry v. Gheen, 14 Lanc. L. R. 112; Sloan et ux. v. Greene, 7 W. N. C. 408; Hevener v. Herst, 9 Phila. 274 and Wood v. Comm. Guarantee & S. D. Company, 14 W. N. C. 127."

We adopt the reasoning of Judge Eagen and, in view of the admitted facts set forth above will set this service aside. Such disposition of the case makes unnecessary any discussion of the other question raised.

Accordingly, the first preliminary objection is sustained and the service of the complaint is set aside.