Hotlen *v.* Middour, Appellant.

Argued May 26, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Henry Temin,* with him *T. Henry Walnut* and *Michael L. Temin,* for appellant.

*Robert H. Malis,* with him *Malis, Malis & Malis,* for appellee.

OPINION BY MR. JUSTICE BELL, June 26, 1961:

Defendant took this appeal from an Order of the Court below dismissing his Preliminary Objections which were in the nature of a motion to set aside service of a Writ of Summons in Assumpsit made upon defendant in Philadelphia County. The relevant facts which appeared from the depositions may be summarized as follows:

Defendant, G. Charles Middour, trading as G. C. Middour Co., is a manufacturer of aluminum storm windows and doors. His factory and principal place of business is in Waynesboro, Franklin County, Pennsylvania. Defendant does no business in Philadelphia and except for passing through on a train has been in Philadelphia only twice in the past five years. Plaintiff, Arthur M. Hotlen (trading under the name of Easy Aluminum Products Company), has since 1959 sold Middour's products. Hotlen's place of business is in Philadelphia.

The present controversy arose over a transaction between plaintiff (Hotlen) and one Sidney Smith, who was doing business under the name Apex Window Company. Smith had ordered a number of window frames from Hotlen. Hotlen had then ordered the frames from Middour. While Middour was in the process of constructing the frames, and after some of them had been made, Hotlen notified him not to make shipment since Smith had not paid him (Hotlen). A number of telephone calls between Hotlen and Middour ensued. Plaintiff (Hotlen) told defendant that Smith would make payment only to defendant and that defendant

would have to come to Philadelphia to discuss the deal and receive payment. It was finally agreed that defendant would come to Philadelphia on September 7, 1960, to meet plaintiff and Smith and that a telephone call confirming this meeting would be made on *September 6*. On September 6, the Prothonotary of the Courts of Common Pleas of Philadelphia County issued a Writ of Summons in Assumpsit upon a praecipe by plaintiff against defendant. At 7:28 that evening defendant, as previously agreed, called plaintiff and at that time plaintiff told him that they would meet Smith on the sidewalk in front of Bookbinders Restaurant in Philadelphia at noon the next day (September 7).

Defendant arrived at the appointed place at noon and was met by plaintiff. Plaintiff greeted him and thereupon excused himself. A deputy sheriff then approached defendant, identified himself and handed defendant the summons, which came as a surprise and a shock to defendant. Defendant had no other business in Philadelphia nor did he do business here; and Smith never appeared or testified for plaintiff.

The general rule is stated in 42 Am. Jur., Process, §35, as follows: "Personal service of process, if procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application. Relief is accorded in such cases not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of

354

obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside:" The American Jurisprudence text is supported by *Eastburn v. Turnoff*, 394 Pa. 316, 319-320, 147 A. 2d 353; *Fitelson v. Acuff*, 14 Pa. D. & C. 2d 486. See also *Lloyd v. Thomas*, 60 Pa. D. & C. 516; *National Paper Corp. v. Scheck*, 47 Lack. Jurist 189; *Harbison-Walker Refractories Co. v. Fredericks*, 12 Dist. 419; *Trattner v. Forman & Barsh*, 10 Dist. 566; *Wood & Tracy v. Commonwealth Guarantee Trust etc. Co.*, 14 W.N.C. 127; *Sloan v. Green*, 7 W.N.C. 408; *Hevener v. Heist*, 9 Phila. 274.

It is clear to us from the record that plaintiff tricked, lured and inveigled defendant into Philadelphia County for the purpose of serving him with process and that the pretended meeting with Smith was a sham to conceal plaintiff's real purpose. The cases cited by plaintiff are inapplicable.

Order reversed with directions to enter an Order sustaining defendant's Preliminary Objections and dismissing the complaint.