### Shirley Sawyer v. Walter LaFlamme

[185 A.2d 466]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*James S. Abatiell* for the plaintiff.

*Earle J. Bishop* for the defendant.

**Barney, J.** The defendant alleges that this action is founded on invalid process. This is the sole concern of his appeal. It is his posi-

tion that he was enticed into the jurisdiction so that service might be accomplished. The issue is raised by attacking the lower court's denial of his motion to dismiss, and by challenging the validity of the judgment. The lower court assessed damages and entered judgment, after noting that the defendant conceded liability but was proceeding under a reservation of his rights to his exceptions taken to the denial of his motion to dismiss. Notice of appeal properly filed brought the matter here.

The plaintiff takes the position that, by proceeding to judgment, the defendant lost the benefit of his exceptions based on the denial of his motion to dismiss, notwithstanding his reservation of rights. Acknowledging that the procedure adopted by the defendant leaves something to be desired, it is clear that he did not intend what he did to operate as a waiver. Such a reservation of rights may not be sufficient to avoid the claim of waiver, in the usual case of abatable matter. Since the claim here involves the alleged misuse of process issued under the authority of our court system, different treatment is justified in this particular matter.

■■ Personal service of process obtained by fraud, trickery or artifice will not support litigation. This is not because the service did not give the court personal jurisdiction over the defendant. Instead it is based on the principle that the court will refuse to exercise its jurisdiction in favor of a party that has used unlawful means to obtain service. 42 Am. Jur. Process §35. To quote Chief Justice Skinner in *Steele* v. *Bates,* 2 Aikens 338, 341: "I could never consent to say, that a man should be permitted to decoy another from a foreign government, and then, in violation of his faith, to sue him here. I believe the law to be now settled, that the process might have been avoided for the fraud." Where, as here, there is a complaint that the court's own process has been fraudulently employed, there is an enlarged obligation to examine the question not present in other types of matters in abatement, unless the charge has been withdrawn. What might amount to waiver of other issues will not serve to prevent review of this question. Courts are bound to superintend the use of their process and discipline improprieties.

"Courts do not look with favor on any form of trickery or chicanery, and any conduct smacking of such improprieties will

properly be scrutinized with jealous caution in order to prevent successful perpetration; but honesty of intent on the part of plaintiff will be presumed in the absence of facts and circumstances justifying an inference to the contrary." 72 C.J.S. Process §39, p. 1050-1.

That is an exact statement of our duty in this case, under which we are bound to review defendant's complaint that he was enticed into the jurisdiction so that process might be served upon him.

This alleged enticement consisted of a series of letters from plaintiff's attorney directed to the defendant who lived out of the state. After it was determined that the defendant had no liability insurance, each letter suggested that the defendant present himself at the office of plaintiff's attorney to make some definite agreement. Very early in the exchange of letters the defendant had expressed a willingness to pay the plaintiff's hospital bill if it could be done on an installment basis. Through the personnel manager of his employer the defendant made inquiry as to whether or not some course of action other than returning to Vermont could be followed in making payment arrangements. The final letter to the defendant and the reply to the personnel manager's inquiry both indicated that the only way the matter could be straightened out would be for the defendant to come to Rutland, Vermont. Within two weeks the defendant had given notice that he was coming, and appeared in person at the office of plaintiff's attorney.

When the defendant arrived at the attorney's office, they discussed the defendant's ability to finance a settlement. No mutually satisfactory accord was reached, and a deputy sheriff appeared at the office and arrested the defendant on civil process sounding in tort, brought in the name of the plaintiff.

It was the testimony of the defendant at the hearing on the motion to dismiss that he had not, at any time, been given any assurance that if he came to the office of plaintiff's attorney he would not be sued, or would not be arrested. Plaintiff contends that this testimony, taken with the fact that no suggestion of immunity from suit appears in the letters to the defendant, supports the lower court's ruling.

Unquestionably, then, in this case no claim of fraud in acquiring jurisdiction of the person can be based on breach of a promise not to sue. The defendant's contention seems to be based on the

theory that enticement was accomplished when he was persuaded to enter the jurisdiction without notice that he might be subject to arrest and detention while there. But clearly such persuasion may be accomplished by a communication completely innocent of any fraud. Recognizing this, the defendant argues that a promise not to sue is implicit in the correspondence. His own testimony reveals that he did not so interpret it, as we have seen.

In the matter under consideration, the evidence does not establish that improper means were used to acquire jurisdiction over the person of the defendant. The rulings of the court below properly disposed of that contention.

*Judgment affirmed.*