Marion KEANE

v.

Francis X. McGEADY.

Civ. A. No. 25776.

United States District Court E. D. Pennsylvania.

Feb. 26, 1965.

Michael F. Walsh, and Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for plaintiff.

Philip E. Berens, Philadelphia, Pa., for defendant.

BODY, District Judge.

Defendant has filed a motion to dismiss this action alleging that service of the complaint was improper in as much as he was enticed, tricked, lured and inveigled into this jurisdiction by the plaintiff merely for the purpose of obtaining personal service upon him.

The complaint was filed on May 14, 1964 as the result of a motor vehicle accident which occurred on November 18, 1962 on a public highway between Baltimore, Maryland, and Washington, D. C. It is alleged that defendant, a citizen of the State of Maryland, was operating his vehicle in a careless and negligent manner, thus causing it to collide with another vehicle, resulting in injuries to the plaintiff, a citizen of the Commonwealth of Pennsylvania, who was a passenger in defendant's vehicle. The case is properly before the Court with diversity of citizenship being present; and the amount in controversy, exclusive of interest and costs, exceeds the sum of ten thousand dollars ($10,000.00).

██ Under such circumstances as alleged by the defendant, if proven, such service of process would be invalid and this Court would divest itself of jurisdiction. Hotlen v. Middour, 404 Pa. 351, 171 A.2d 760. However, defendant has failed to prove his allegations of fraud or trickery. The depositions of plaintiff and defendant that were taken on October 28, 1964 fail to support the claim of defendant.

The depositions reveal that plaintiff and defendant became acquainted in March 1962 while they were both students at the University of Pennsylvania in Philadelphia. After defendant was graduated in May 1962, he resided in Baltimore, Maryland. Defendant came to visit plaintiff in Philadelphia on the average of every other week-end between March 1964 and May 18, 1964. Plaintiff was to be graduated and a luncheon was to be held on May 18, 1964 at Bookbinders restaurant in Philadelphia by a sorority of which plaintiff was a member in honor of all graduating sorority sisters. Each girl was permitted to invite any number of guests at her expense. Defendant knew he was going to be invited to attend the luncheon approximately one month in advance of this date, so as to make it possible for him to arrange to be absent from work.

Subsequent to the accident defendant was told by plaintiff's father, in the presence of plaintiff, that he might be served with a complaint at some future date when he came to Philadelphia (Dep. p. 5). Thus defendant was on notice, had knowledge of the existence of a complaint, and the possible service of the same when he came to Philadelphia.

In answer to a question asked of defendant at the deposition as to the reason for his trip to Philadelphia on May 18, 1964, he stated that he came to attend the baccalaureate, the graduation and the luncheon (p. 20). Defendant did not state, and all the facts do not indicate, that he was tricked, enticed, lured or inveigled into attending these social functions. Thus it is clear that defendant cannot rely on the doctrine enunciated in Hotlen v. Middour, supra, to set aside the service of the complaint, and jurisdiction of this Court should not be divested.

### ORDER

And now, this twenty-sixth day of February, 1965, in accordance with the foregoing Opinion, it is ordered that the motion of Francis X. McGeady, defendant, to dismiss the complaint be and the same is hereby denied.