## O'Hara v. Pritchard

*Arnold W. Hirsch*, for plaintiff.

*Robert L. Ceisler*, for defendant.

SWEET, P. J., June 21, 1966.—A Washington County lawyer filed suit here for personal injuries on behalf of a Westmoreland County plaintiff against a Westmoreland County defendant for an accident which took place in Westmoreland County. Plaintiff's attorney then arranged for defendant to come to his cubicle in the District Attorney's office, in the court house here in Washington, to discuss matters concerning his (defendant's) mother's business. As soon as he arrived, he was served with process in the instant case. Preliminary objections were made and answered, and a session not unlike a pretrial conference was held in chambers, at which the foregoing facts were developed.

Despite the seemingly vigorous assertions and denials in the pleadings, members of counsel concede there is no question of fact involved here, but only a question of interpretation of fact.

Obviously, a civil defendant may be served wherever plaintiff can catch him, and jurisdiction over his person thus results from the power the sovereign can exercise upon him, but is this service good?

The black letter text of the rule is relatively simple:

"Personal service of process, if procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application. Relief is accorded in such cases not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside": 42 Am. Jur. 32, §35, quoted with approval in Hotlen v. Middour, 404 Pa. 351 (1961).

However, the books abound with nice distinctions. In a leading case, Sawyer v. LaFlamme, 123 Vt. 229, 185 A. 2d 466 (1962), annotated for 67 pages at 98 A. L. R. 2d 548, it was held that the process was not invalid where defendant was served upon appearing at the office of plaintiff's attorney in response to letters from the attorney to come there to discuss the matter and ". . . where at no time had the defendant been given

any assurance against suit if he came to the attorney's office". Yet, when a civil defendant was called to the district attorney's office to discuss a criminal matter without any such assurance being given him against service, the service was stricken down: Eastburn v. Turnoff, 394 Pa. 316 (1959). The Eastburn case describes the action of plaintiff to get defendant into his reach as "a ruse" and says, "It developed . . . that he had been decoyed into a trap. The law does not favor entrapment. It provides an honorable procedure for creditors to summon their debtors to a legal accounting. The man who grovels in the slough of treachery in order to ensnare his adversary into court may eventually find his cause slipping through the gile of his mired hands".

On the other hand, there is an opinion by Judge (now Justice) Eagen: National Paper Corporation v. Scheck, 47 Lack. Jur. 189 (1946). A corporation held its stockholder's meeting in Scranton for the purpose of getting defendant into Pennsylvania from New York. While here, defendant was served.

"There is no doubt in our minds that the reason for holding the meeting of the Board of Directors here locally was to obtain personal service in this action on the defendant and thus gain jurisdiction in this county. No other conclusion is reasonable. However, the locating of the meeting here locally was legal. It was undoubtedly a dirty trick and with a motive far from wholesome. But we cannot see where it amounts to fraud, or misrepresentation or artifice. The motive behind holding the meeting here did not render it illegal".

There are a good many cases at the lower court level which hold that ". . . where a defendant is enticed into a jurisdiction by a plaintiff's misrepresentations for the purpose of making service, the service is illegal, and that upon proof that service has been effected by fraud, trickery, or artifice it will be set aside": Lloyd v. Thomas, 60 D. & C. 516 (1947), Dauphin County.

See also Roberts v. Pearson, 5 D. & C. 2d 781 (1954), Erie County; Fitelson v. Acuff, 14 D. & C. 2d 486 (1958), Luzerne County.

The Lackawanna decision, that the action of plaintiff was a "dirty trick" and "not wholesome", but legal, is somewhat criticized in Eastburn v. Turnoff, supra, which discusses that case for nearly a full page. "It would almost seem a stultification of the principles of justice to characterize an act a 'dirty trick' and yet not rule it out as legally ineffective". The general history of such things has been to strike down the service in the close cases. See Hostetter v. Hirsch, 14 Lanc. 110 (1897) ; Hevener v. Heist, 9 Phila. 274 (1873).

The case factually most similar to the case at bar appears to be Harbison-Walker Refractories Co. v. Fredericks, 12 Dist. R. 419 (1903), by Frazer, P. J., later Justice. In it, plaintiff requested defendant corporation to send its executive officers to Pittsburgh " '. . . as there are some important business matters that we wish to talk over with you' ". No settlement was made, and ". . . when leaving the plaintiff's office, defendants were met at the door by a deputy sheriff and served with the summons in this case". No guarantee of nonservice had been made, so the facts are almost exactly parallel to ours, viz.: a defendant procured to come into the jurisdiction to discuss legal matters and then deliberately served. The service was set aside.

This field of the law seems to be somewhat the prisoner of its own rhetoric. The cases speak of misrepresentation, fraud, treachery, and the like. We specifically do not find that Mr. Hirsch committed any misrepresentation, fraud, or treachery, but did he not perpetrate "a ruse", engage in "artifice" or display, as Judge Laub phrases it, "covinous ingenuity"? * It is

---

* See Roberts v. Pearson, supra.

apparent that he did, and we squarely hold here that when a lawyer invites a prospective defendant into the bailiwick to discuss a piece of unrelated business with him, he displays "covinous ingenuity" if he causes him to be served with process on the same trip. When a citizen visits a lawyer's office at the latter's invitation, he will probably be uncomfortable anyhow, but we can at least assure him that before settling into the lawyer's armchair, he does not need to search the room for means of egress if set upon by process servers.

In this particular case, the circumstances make it relatively easy to achieve this result. The statute of limitations has not run. Plaintiff can quickly get service against defendant in Westmoreland County, where defendant legally abides. Under statewide practice, Mr. Hirsch can try the case there himself and will not need to engage local counsel. Westmoreland has far more contacts with this case than has Washington. Accordingly, the service is set aside at plaintiff's cost.