## Hugues v. Boyer

*A. M. Dolin*, for plaintiff.

*J. B. Erwin*, for defendant.

McDERMOTT, J., February 15, 1967.—This cause comes before us on hearing upon defendant's preliminary objection to service of plaintiff's complaint in trespass upon him in Philadelphia County, defendant being a resident of Bucks County, Pa.

Defendant alleges that upon receipt of a telephone call in his Bucks County home from a man who said he represented defendant's liability insurance carrier and had papers for defendant to sign, he (defendant) indicated that he would meet the caller at defendant's father's home at 1735 Allegheny Avenue, Philadelphia, between 1:30 and 2 o'clock on the afternoon of the telephone call, August 3, 1966. The caller agreed to the arrangement.

At approximately 1:45 p.m., a deputy sheriff of the Sheriff's Office of Philadelphia County, identifying himself, handed a copy of the complaint in trespass to defendant.

Pennsylvania law is clear that personal service will be set aside if procured by fraud, trickery, artifice, or a ruse, and the court will not exercise its jurisdiction, not because jurisdiction was not procured, but on the ground that the court will not exercise its power in favor of one who has obtained service of his summons by unlawful means: Hotlen v. Middour, 404 Pa. 351 (1961), citing therein 42 Am. Jur. 32, §35: " 'Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the

court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside'.": Id. at 353.

From depositions taken pursuant to this motion, it appears defendant informed the caller that he was ". . . very lucky because on this particular day he was going to come into Philadelphia to visit his father, which he did about once a week and this was the day".

This information was relayed to plaintiff's attorney, who prepared a complaint, filed it and had service made by a deputy sheriff upon defendant at his father's house.

In defendant's deposition, when queried: "Do you make it a practice of going to see him on your day off, more or less regularly?" defendant answered: "Well, I have been since he come (sic) out of the hospital, yes". Again defendant was asked: "Would it be fair to say since that time (less than a year ago) you have visited him regularly, almost every Wednesday?" defendant answered: "Well, almost, not every".

The evidence does not disclose fraud or artifice such as to preclude access to the courts of Philadelphia, upon motion to quash service. Statements relative to matters of discussion on the case did not, we think, induce defendant to come within the reach of process; rather, the prospect of visiting with his father, as has been his custom on days off from work, served the inducement into Philadelphia County. The fact that the meeting was arranged at the father's house, rather than at some more mutually convenient place, as perhaps the investigator's office, supports this inference, and leaves us to conclude the phone call to be more a countenance in discovery of whereabouts than a step in the perpetration of fraud.

Defendant's preliminary objection is overruled.