## Darling v. Tel Ra Productions, Inc.

*Frank J. Marcone,* for plaintiff.

*Joseph A. Damico, Jr.,* for defendant.

BRIAN, J., May 9, 1972.—Plaintiff (Darling) commenced an action in assumpsit by causing a writ of summons to be issued on February 19, 1970. On February 23, 1970, the Sheriff of Delaware County served the writ upon defendant, William Orr (Orr), who was sued in his capacity as president of Tel Ra

Productions, Inc., a Pennsylvania corporation, having offices in Philadelphia, Pa. According to the sheriff's return of service, the deputy sheriff also left a copy of the summons with Orr for defendant, Tel Ra Productions, Inc. (Tel Ra).

Following the filing of a complaint, defendants filed preliminary objections to set aside service of the writ of summons in assumpsit, objections to venue, a demurrer, a motion for more specific pleading and a motion to strike the complaint.

Plaintiff resides in Delaware County, Pa., and, according to the complaint, owns the 4th Network, Inc., a Pennsylvania corporation, having offices in West Chester, Chester County, Pa. Defendant, Tel Ra Productions, Inc., is a Pennsylvania corporation, having offices in Philadelphia, Pa. Defendant Orr is president of Tel Ra Productions, Inc., and on the date of service, February 23, 1970, was a resident of Montgomery County Pa. He is presently a resident of Chester County, Pa.

Plaintiff seeks to recover sums said to be due as a commission under an alleged contract for services performed on behalf of defendant, Tel Ra. The complaint avers the formation of a contract by an exchange of letters between the parties, which are dated March 1 and March 8, 1967.

Testimony was taken before this court (Lippincott, J.) on December 14, 1971, from Darling and Orr in aid of the motion to set aside service of the writ of summons, but no findings of fact were made at that time.

According to the record, which we have carefully reviewed, neither of defendants had any discernible connection with Delaware County as of February 23, 1970. Instead, it appears that Orr was solicited to appear at the H. G. Peters studio in Delaware County, where Darling had an office, during a telephone

discussion between plaintiff and Orr on Friday, February 20, 1970. Subsequently, Orr appeared at the Peters studio on Monday, February 23, 1970, as he agreed to do, but Darling failed to appear. At no time did Orr or Tel Ra have any business with the H. G. Peters Company. When Darling failed to arrive, Orr decided to depart. As he was leaving the Peters studio, he was met by the Delaware County Sheriff and was served with the writ of summons in question.

It appears from the record that Orr was induced by Darling to come to the latter's Delaware County office to discuss some possible business leads. Orr had suggested that the meeting take place in Philadelphia, but Darling prevailed upon Orr to appear at his Delaware County office. This telephone conversation took place on Friday, February 20, 1970. Although it is suggested by plaintiff that he informed his attorney of Orr's visit subsequent to the conversation on Friday, February 20th and that preparations for service the next Monday were thereafter made, the docket entries nevertheless show that the praecipe for the writ, signed by plaintiff's attorney, was filed on February 19, 1970, the day before the telephone conversation setting up the meeting, and the writ issued the same day.

The preponderating evidence is that plaintiff intentionally lured defendant Orr into Delaware County in order to subject him to service of process. The lure was the intimation that plaintiff "had several contacts and leads of prospective business situations, possible sales."

The present case is similar in its essential aspects to Hotlen v. Middour, 404 Pa. 351 (1961). In that case, defendant had its factory and principal place of business in Franklin County and did no business in Philadelphia (where the service was made) and had

been in Philadelphia only twice in the five years preceding the service. Plaintiff, on the other hand, had a place of business in Philadelphia. However, defendant was induced by plaintiff to come to Philadelphia in order to receive a payment. As in the present case, the telephone call confirming the meeting and the issuance of the writ of summons in assumpsit upon a praecipe by plaintiff took place on the same day. When defendant appeared as requested on the next day, he was, as in the present case, met by the sheriff with the summons.

The Supreme Court granted defendant's preliminary objection in the nature of a motion to set aside service of the writ of summons on the ground that plaintiff "tricked, lured and inveigled defendant into Philadelphia County for the purpose of serving him with process and that the pretended meeting with Smith was a sham to conceal plaintiff's real purpose": 404 Pa. at 354.

In the present case, it similarly appears that the meeting arranged by plaintiff was also a sham designed to conceal plaintiff's real purpose, which was to lure defendant Orr into Delaware County in order to subject him to service of process. We deem the Hotlen case to be controlling and defendants' motion to set aside service of the writ of summons in assumpsit will be granted, based upon the general rule, as stated by the Hotlen court, that "personal service of process, if procured by fraud, trickery, or artifice is not sufficient to give a court jurisdiction over the person thus served, and service will be set aside upon proper application": Citing 42 Am. Jur., Process, sec. 35. See also Eastburn v. Turnoff, 394 Pa. 316 (1959) and O'Hara v. Pritchard, 39 D. & C. 2d 411 (1966).

As a separate and distinct matter, we also sustain the objection to venue on the part of the corporate

defendant, Tel Ra Productions, Inc. It appears that the corporate defendant maintains its office in Philadelphia and the complaint does not allege that Tel Ra has a registered office or place of business in Delaware County or even that it regularly conducts business therein. In addition, Orr testified without contradiction that the corporate defendant does not have an office in Delaware County, does not send employes into the county prospecting for business, nor has it ever transacted business therein. Moreover, the complaint avers an alleged contract based upon two letters addressed to Philadelphia addresses concerning dealing with a corporation in Wilmington, Del. The complaint does not aver that any transaction or occurrence connected with the alleged cause of action took place in Delaware County.

Under these circumstances, we hold that venue in Delaware County is improper under Pennsylvania Rule of Civil Procedure 2179(a), which provides, in pertinent part, that an action against the corporation may be brought in and only in (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) the county where a transaction or occurrence took place out of which the cause of action arose. Clearly, the facts of this case do not fall within any of the aforesaid subdivisions of the rule. Accordingly, defendant corporation's objection to venue is sustained.

In view of these rulings, we find it unnecessary to deal with the remaining objections.

## ORDER

And now, May 9, 1972, the following order is hereby entered:

1. The preliminary objections of defendant, William Orr, and defendant, Tel Ra Productions, Inc., in the nature of motion to set aside service of the summons in assumpsit are sustained, and service on said defendants is hereby set aside.

2. The preliminary objection of defendant, Tel Ra Productions, Inc., to venue is sustained.

3. Plaintiff's complaint against defendants is dismissed without prejudice.