**HYDRAULICS UNLIMITED MFG. CO.,**
**Plaintiff, Appellant,**

v.

**B/J MANUFACTURING CO., Inc., et al.,**
**Defendants, Appellees.**

**No. 71-1184.**

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1971.

Martin Zerobnick, Denver, Colo. (Ralph F. Crandell, Denver, Colo., on the brief), for plaintiff, appellant.

Orville O. Gold, Kansas City, Mo. (H. B. Van Valkenburgh, Denver, Colo., on the brief), for defendants, appellees.

Before PICKETT, HILL and BARRETT, Circuit Judges.

HILL, Circuit Judge.

An action was instituted by Hydraulics Unlimited Mfg. Co., a Colorado corporation, against B/J Manufacturing Co., Inc., a Kansas corporation, and Copeland and Neier, its officers. The suit was brought on a license agreement by which appellees purported to grant a license to appellant for the manufacture of feed mixers which would include certain features which appellees felt would infringe patent rights that had been applied for to the United States Patent Office for approval and protection. Appellant asserts invalidity of the patents, thus invalidity of the license agreement, and seeks to rescind the license contract and recover damages.

Suit was instituted in Colorado federal district court, and service of process was made by personal service upon the defendants in Kansas under the Colorado "long-arm" statute, 1965 Perm.Supp. C.R.S.1963, 37–1–26. Service of process under Colorado statute is made applicable to federal service of process by F.R. Civ.P. Rule 4(e). Sumners v. Continental Copper & Steel Industries, Inc., 445 F.2d 141 (10th Cir. 1971). The district court, 323 F.Supp. 996, granted appellees' motion to dismiss on the basis of insufficient contacts in Colorado to sustain the personal service out of the state, concluding it had no in personam jurisdiction of the appellees.

Appellant contends there are sufficient contacts under 1965 Perm.Supp. C.R.S. 1963, 37–1–26(1) (b) on the basis of appellees' transacting business in Colorado. On November 12, 1962, the two individual appellees, officers of B/J Manufacturing, with their attorney, visited appellant's manufacturing plant at Eaton, Colorado. Appellant contends the journey was made for the purpose of investigating possible infringements of patent claims which appellees had filed with the United States Patent Office and were at that time in the process of securing patent protection for. The visit, according to the appellant, was for the purpose of seeking damages for the past manufacture and sale of feed mixers into which the asserted infringements had been incorporated. In addition, the appellant contends the representatives of B/J Manufacturing intended to negotiate a license agreement applicable to future manufacture and sale, and offered the license agreement which was ultimately executed on March 21, 1963, as proof. Additionally, appellant asserts the license contract contains an abundance of contacts with Colorado which would support the out-of-state service.

Appellees' position, however, is that the journey was made for the sole purpose of viewing the feed mixer being manufactured by the appellant. At the plant, they advised the plant manager of

their application for patent which would include certain claims of which appellant's feed mixer would perhaps be an infringement. It was at this point that appellant inquired of the possibility of obtaining a license. Appellees contend the possibility of licensing had not been previously considered, and all negotiations relative to the license were conducted after their return to Kansas. They also flatly deny the trip was made for the purpose of eliciting damages from appellant.

It is clear that the statute in question is based on certain minimum contacts which must satisfy requisites of due process in accord with the test of International Shoe Co. v. Washington, 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Service of process under F.R.Civ.P. Rule 4(e) is to be made under the manner prescribed by state statute. "The question of whether the activity of the defendant constitutes 'doing business' for jurisdictional purposes depends upon state or local law." Walker v. Field Enterprises, Inc., 332 F.2d 632, 633 (10th Cir. 1964); Walker v. General Features Corporation, 319 F.2d 583, (10th Cir. 1963).

■ Our review of Colorado decisions interpretative of activities constituting "transaction of any business" reveals a requisite of " 'purposeful acts,' performed within the forum state by the defendant in relation to the contract * * *." Knight v. District Court of the Seventeenth Judicial District, 162 Colo. 14, 20, 424 P.2d 110, 113 (1967). Evidence of Colorado contacts was presented to the trial court by both parties by affidavit and memorandum. On this basis, the trial court determined there were insufficient contacts to support the service of process. Our review of evidentiary considerations by the trial court is in the light most favorable to the prevailing party. We find no error in the trial court's dismissal for lack of in personam jurisdiction.

■ Nor do we reach support for the service of process on the executed li-

cense agreement itself. The contract negotiations were by mail subsequent to appellees' return to Kansas. No terms of the agreement indicate an intention for performance to be limited solely to Colorado. The final signators of the agreement were the appellees who affixed their signatures in Kansas. On this basis, we cannot conclude sufficient contractual connections with Colorado to supply the minimum contacts necessary to maintain in personam jurisdiction.

Affirmed.