**O. R. WEYRICH, Jr., Plaintiff,**

v.

**H. B. LIVELY, Defendant.**

**Civ. A. No. C–4901.**

United States District Court,
D. Colorado.

July 31, 1973.

James H. Howard, Denver, Colo., for plaintiff.

Donald C. McKinlay and Alan L. Talesnick of Holme, Roberts & Owen, Denver, Colo., for defendant.

### ORDER

CHILSON, District Judge.

Plaintiff is a Colorado resident seeking recovery for the payment of a "finder's fee". Defendant is a Texas resident engaged in gas exploration and is President of Lively Exploration Co., a Texas Corporation.

This action was commenced in the District Court of the City and County of Denver and removed to this Court on the ground of diversity jurisdiction.

Plaintiff alleges that in the summer of 1972, he met with the defendant in Denver, Colorado, "at which time various and general business matters were mutually discussed"; that defendant in-

formed him that he and his company were interested in gas development situations, and "if you find a good gas development deal, I will make it well worth your time and theirs."

Plaintiff subsequently discovered a gas development program that was being offered by Vincent E. Shryack, of Denver, Colorado. The program concerned land in the State of New Mexico.

The plaintiff contacted the defendant in Houston, Texas, by telephone and informed him of the terms of the proposed deal, and during the course of this telephone conversation, defendant agreed that plaintiff would receive a finder's fee. From this point on, the defendant and Shryack dealt directly with each other and consummated a contract involving the farm out arrangement, but defendant has refused to pay a finder's fee.

The defendant was served with process in Houston, Texas, pursuant to the "Colorado Long Arm Statute" 1965 Perm.Cum.Supp. C.R.S. § 37-1-26. Defendant has moved to dismiss for lack of jurisdiction over the person and to quash service of process.

A memorandum brief in support was submitted. No opposing brief has been filed.

The motion to dismiss for lack of personal jurisdiction and to quash service of process should be granted.

The issue to be decided is whether or not the defendant can be properly served with process pursuant to the Colorado Long Arm Statute. It states:

"(1)(a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representatives, to the jurisdiction of the courts of this state, concerning any cause of action arising from: . . . (B) The transaction of any business within the state . . ." 1965 Perm.Cum. Supp. C.R.S. 37-1-26.

Service of process under the Colorado Statute is made applicable to Federal service of process by Rule 4(e) of the Federal Rules of Civil Procedure. Sumners v. Continental Copper and Steel Ind., Inc., 445 F.2d 141 (10th Cir. 1971).

Reference will be made to both Colorado and Illinois cases as the Colorado statute was taken from the Illinois statute.

The Supreme Court of Colorado in construing its Long Arm Statute has stated that it frequently gives prime consideration to Illinois precedent when necessary to interpret such statutory provisions. Vandermee v. District Court, 164 Colo. 117, 433 P.2d 335 (1967); Colorado-Florida Living Inc. v. Deltona Corp., 338 F.Supp. 880 (D.Colo.1972).

International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945) laid down the guidelines for determining whether or not the assertion of personal jurisdiction is consistent with due process. The guidelines laid down by the court was the *minimum contacts* test. The defendant must have some minimum contacts with the forum state so that subjecting him to the jurisdiction of the forum would not offend traditional notions of fair play and substantial justice.

Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) expounded on the minimum contacts test and stated that the minimum contacts must result from "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson, supra*, at 253, 78 S.Ct. at 1240.

It is clear that the Colorado statute is based upon certain minimum contacts which must satisfy the requisites of due process. Hydraulics Unlimited Mfg. Co. v. B. J. Mfg. Co., 449 F.2d 775 (10th Cir. 1971). Colorado law requires purposeful acts performed within the forum state by the defendant in relation to the contract. Hydraulics Unltd. Mfg. Co. v. B. J. Mfg. Co., *supra*. Knight v. District Court, 162 Colo. 14, 424 P.2d 110 (1967).

The only contact the defendant had with Colorado was the initial meeting with the plaintiff. This one meeting does not constitute the minimum contacts requirement.

■ Although it is not necessary that the defendant be physically present in the state for purposes of transacting business, Colorado-Florida Living, Inc. v. Deltona Corp., *supra*, Koplin v. Thomas, Haabs and Botts, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966), there must be a substantial connection between the business transacted and the forum state. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957).

■ Accepting the allegations of the complaint as true, they do not establish the minimum contacts necessary to give jurisdiction over the non-resident defendant.