ASSOCIATED INNS & RESTAURANT COMPANY OF AMERICA, an Ohio Corporation, Plaintiff,

v.

DEVELOPMENT ASSOCIATES, a Utah Corporation, Agate Beach Associates, Ltd., an Oregon Limited Partnership, James D. Fahs, Jr., Grant S. Kesler, G. Michael Tuckett, Marvin J. Kirkham and Development Associates Management, Inc., Defendants.

Civ. A. No. 81–K–483.

United States District Court, D. Colorado.

June 8, 1981.

Lawrence L. Levin, Steven W. Snarr, Holme, Roberts & Owen, Denver, Colo., for plaintiff.

Michael A. Williams, Craig R. Maginness, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action brought to collect damages arising from two hotel management agreements and to collect on a promissory note executed by some of the defendants. Plaintiff also alleges that some of the defendants damaged its reputation by wrongfully terminating the agreement. Finally, plaintiff seeks exemplary damages. Defendants have moved to dismiss for lack of personal jurisdiction or in the alternative for change of venue. Briefs and affidavits have been submitted and the motions are now ripe for determination.

In January, 1979, plaintiff and defendant Development Associates entered into an agreement whereby plaintiff would manage the Agate Beach Hilton Hotel in Newport, Oregon. At that time plaintiff's corporate offices were in Ohio. The parties agree that no action regarding the execution of this agreement took place in Colorado. During the summer of 1979 plaintiff moved its corporate offices to Denver. After this move, agents of the defendant Development Associates met with agents of the plaintiff at plaintiff's Colorado offices on three occasions to discuss matters regarding the operation of the management agreement. The defendants' only other Colorado contacts regarding the Agate Beach management agreement were mail correspondence and telephone conversations with the plaintiff at its Colorado offices.

On June 14, 1979 all of the defendants except Development Associates Management executed and delivered a $150,000 promissory note to plaintiff. Defendants' only Colorado contacts regarding this note are that plaintiff mailed a letter demanding payment of this note from Colorado and that the note was related to the Agate Beach management agreement.

Defendant Development Associates Management entered into a management agree-

ment for the Hilton Hotel in Eugene, Oregon on July 1, 1980. Although plaintiff had its principal place of business in Colorado when the parties executed this agreement, the defendants signed the agreement in Eugene. The only Colorado contact regarding this agreement is a meeting between agents of the parties in Colorado to discuss some operational details of the contract.

## I. JURISDICTION

■ Because there is no major dispute over the facts relevant to jurisdiction, the only issue before the court is whether the facts outlined above provide a sufficient basis to exercise *in personam* jurisdiction over any or all of the defendants. In a diversity case personal jurisdiction "is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Halliburton Company v. Texana Oil Company*, 471 F.Supp. 1017, 1018 (D.Colo.1979) (*citing Litvak Meat Company v. Baker*, 446 F.2d 329, 331 (10th Cir. 1971); *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963)). Personal jurisdiction over the defendants in this case must therefore comply with both Colorado's long-arm statute, C.R.S. § 13–1–124 (1973),[1] and the Due Process Clause of the Fourteenth Amendment. The Colorado Supreme Court interpretation of Colorado's long-arm statute extends jurisdiction to the maximum extent allowed by the Due Process Clause, *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 521, 574 P.2d 95, 96 (1978) (*citing Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968)), so these two tests are now congruous.

In *Van Schaak & Company v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975), the Colorado Supreme Court speci-

fied a three-part test that must be met before a Colorado court may assert *in personam* jurisdiction over a defendant:

1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state;"

2) "the cause of action must arise from the consequences in the forum state of the defendant's activities;" and,

3) "the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), provides the guidelines for determining whether the assertion of personal jurisdiction is consistent with due process. There the court stated:

due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*Id.* at 316, 66 S.Ct. at 158. The test, continued the court,

cannot be simply mechanical or quantitative.... Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.

*Id.* at 319, 66 S.Ct. at 160. Because the Colorado contacts regarding the various causes of action differ, I will consider each agreement separately.[2]

---

1. C.R.S. § 13–1–24 provides:

"Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by agent, submits such person, and, if a natural person his personal representative to the juris-

diction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state; ...

2. Although plaintiff argues that "the Counts and the parties are interrelated" and therefore the counts in the complaint should be con-

### A. The Agate Beach Management Agreement

■ The Agate Beach management agreement was negotiated and executed outside of Colorado before the plaintiff moved its offices to Denver. Plaintiff argues that a few meetings between the parties in Colorado over the details of operating the contract are sufficient to uphold jurisdiction over the defendants. I find that such contacts are an insufficient basis for asserting jurisdiction.

In support of its argument that the court has *in personam* jurisdiction plaintiff cites *CleveRock Energy Corp. v. Trepel*, 609 F.2d 1358 (10th Cir. 1978), arguing that defendants in the present case "could have anticipated that [plaintiff's] duties under the contract would be largely performed at [plaintiff's] headquarters in Colorado," just as was the case in *CleveRock*. The present case is easily distinguished from *CleveRock*: in that case the defendant orally agreed to the terms of the contract while he was in Colorado and the contract terms required the defendant to send payments to the plaintiff in Colorado. In contrast, in the present case the defendants' first contacts with Colorado came only after the contract was already in effect.

*Automated Quill, Inc. v. Chernow*, 455 F.Supp. 428, 432 (D.Colo.1978), is instructive. In that case plaintiff, a Colorado corporation, sought this court's jurisdiction over Florida defendants who had entered into an agreement in Florida with the plaintiff. I found there that:

> The mere existence of a contract executed by a Colorado resident is insufficient to confer personal jurisdiction over an absent non-resident defendant. This is exactly what plaintiff would have us base *in personam* jurisdiction on in this case. Defendants did not come into Colorado for either negotiations or execution of the licensing agreement in question; they did not initiate any activity peculiar

to Colorado which was undertaken on defendants behalf; the licensing agreement in question was not issued in conjunction with any other Colorado activity; the defendants activities as licensees are not specifically directed to Colorado; there is no evidence that the defendants maintain an agent within the State of Colorado, a place of business, employees, a bank account, any subsidiaries which do business within the state, exercise ownership over any real or personal property within the state or any contract to be performed within the state. It is only too evident that defendants have not personally availed themselves of the privilege of conducting activities in Colorado. (citation omitted)

Here the case for dismissing the complaint is even stronger because plaintiff did not even move to Colorado until after executing the contract.

While it is true that the defendants voluntarily came to Colorado to discuss some details of the management agreement with plaintiff, I believe that "basic considerations of fairness" under the *International Shoe* test dictate that these contacts are an insufficient basis for jurisdiction. It was only because plaintiff moved its offices to Colorado that the defendants ever came to Colorado to discuss the contract. Defendants' willingness to continue to deal with plaintiff after plaintiff's move to Colorado is not a sufficient basis for jurisdiction. *See Kulko v. Superior Court*, 436 U.S. 84, 97–98, 98 S.Ct. 1690, 1699–1700, 56 L.Ed.2d 132 (1978).

### B. The Promissory Note

■ There is even less basis for asserting jurisdiction over the defendants on the cause of action regarding the promissory note. The only Colorado contacts relating to the note are plaintiff's relocation of its offices in Denver after the note was executed and plaintiff's mailing from Denver a

---

sidered together in determining whether the court should assert jurisdiction, I find the first three claims for relief to be sufficiently independent that each must have its own basis for

jurisdiction. *See Tucker v. Vista Financial Corp.*, 192 Colo. 440, 444, 560 P.2d 453, 456 (1977).

letter to the defendants demanding payment of the note. Such unilateral acts are an insufficient basis for jurisdiction. *Kulko v. Superior Court*, 436 U.S. at 97–98, 98 S.Ct. at 1699–1700. Further, the mere existence of interstate mail correspondence is not a basis for jurisdiction where the defendants did not "purposefully avail[ ] [themselves] of the privilege of conducting activities within Colorado, thus invoking the benefits of its laws." *Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 459, 448 P.2d 783, 785 (1969). Unless the defendants or their agents initiated some activity "peculiar to Colorado," this court may not assert jurisdiction merely because the plaintiff will be affected in Colorado. *Automated Quill, Inc. v. Chernow*, 455 F.Supp. at 432.

## C. The Eugene Management Agreement

■ Because plaintiff had already relocated its offices in Denver when it executed the Eugene management agreement with defendant Development Associates Management, it was not unforeseeable that this defendant's actions might affect plaintiff in Colorado. "Yet 'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). As I noted before, personal jurisdiction may not be asserted merely because one of the contracting parties is a Colorado resident. *Automated Quill, Inc. v. Chernow*, 455 F.Supp. at 432.[3] The only activity that might provide a basis for Colorado jurisdiction over this cause of action is one meeting in Colorado between agents for plaintiff and Development Associates Management that was held to discuss some of the operational details of the Eugene management agreement. While it is possible for a defendant to be subject to this court's jurisdiction even though he never set foot in Colorado, *see, e. g., Halliburton v. Texana Oil Corp.*, 471 F.Supp. 1017 (D.Colo.1979), defendant's participating in a single meeting with plaintiff in Colorado may still not be a sufficient basis for jurisdiction, *see, e. g., Weyrich v. Lively*, 361 F.Supp. 1147 (D.Colo.1973). I find the present case to be an even stronger one than *Weyrich* for dismissing the complaint because here the one Colorado meeting was not even related to either the formation or the alleged breach of the contract.

## D. Damage to Reputation; Exemplary Damages

Count IV, Damages to Reputation, and Count V, Exemplary Damages, do not include allegations sufficient to state independent causes of action. Their success or failure depend on Counts I, II and III. Thus, I determine that all five counts should be dismissed.

## II. FORUM NON CONVENIENS

Defendants also move to have this action transferred to Oregon on *forum non conveniens* grounds. Because of my disposition of the jurisdictional issue, it is unnecessary for me to rule on this alternative motion. It is

ORDERED that Counts I through V are dismissed. It is further

ORDERED that this complaint and civil action are hereby dismissed without prejudice. Each party to bear his or its own costs.

---

**3.** Plaintiff states that its agents signed the Eugene management agreement in Colorado. This unilateral act does not alone provide any basis for jurisdiction.