Opal D. RUGGIERI, Special Administrator of the estate of Milton H. Kuhlman, Plaintiff,

v.

GENERAL WELL SERVICE, INC., and Leslie Ranck, Defendants.

Civ. A. No. 81–K–1748.

United States District Court, D. Colorado.

March 19, 1982.

528

Linda L. Petrino, Denver, Colo., for plaintiff.

Richard A. Munson, Aronow, Anderson, Beatty & Lee, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity case plaintiff's amended complaint states five claims for relief. Two of these claims are grounded in breach of contract, two in conversion, and one in fraud. The defendants moved to dismiss, pursuant to F.R.Civ.P. 12(b)(2), alleging that this court cannot assert personal jurisdiction over them on these claims. They moved alternatively for a change of venue under 28 U.S.C. § 1404(a), asserting that this case should be transferred to the District of Montana. I now dismiss all of the claims except for the fraud claim for lack of personal jurisdiction. I transfer the fraud claim to the District of Montana.

### I.  IN PERSONAM JURISDICTION

Because the question of when this court may assert personal jurisdiction over a particular person arises in many cases and under varying fact patterns, I will consider it in some detail here, first discussing the case law, and then applying it to the particular facts of this case.[1] There are three types of activities by a defendant which may give rise to *in personam* jurisdiction: consent, presence in the forum state, and causing effects in the forum state.

#### A.  Consent

If a defendant consents to personal jurisdiction in a particular forum, then the court need not inquire any further.[2]

---

1. In some cases it is possible for this court to assert jurisdiction over certain property, even though there is no personal jurisdiction. See generally *Shaffer v. Heitner*, 433 U.S. 186, 200–01, 205–12, 97 S.Ct. 2569, 2577–78, 2580–83, 53 L.Ed.2d 683 (1977); *Pennoyer v. Neff*, 5 Otto 714, 722–34, 95 U.S. 714, 722–34, 24 L.Ed. 565 (1877). I do not consider *in rem* or *quasi in rem* jurisdiction in this opinion.

2. In contrast, subject-matter jurisdiction cannot be consented to by the parties because it relates to the court's inherent power to hear and decide the case. See generally *Independence Mortgage Trust v. White*, 446 F.Supp. 120, 122 (D.Or.1978) (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962), *Lockerty v. Phillips*, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943)). Accordingly, a defense of lack of subject-matter jurisdiction may be raised at any time during trial. F.R. Civ.P. 12(h)(3). If however, a final judgment is entered, then later challenges to subject-matter jurisdiction may be barred. See *Independence Mortgage*, 446 F.Supp. at 123–24.

For example, contracting parties may expressly consent to litigate issues regarding the contract in a particular forum and this choice will normally be binding unless it is unfair or unreasonable. See, e.g., *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–20, 92 S.Ct. 1907, 1912–1918, 32 L.Ed.2d 513 (1972); *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 414–15, 11 L.Ed.2d 354 (1964). See also Rest.2d, Conflict of Laws § 80 (1971). See generally Anno., *Validity of contractual provisions limiting place or court in which action may be brought*, 56 A.L.R.2d 300 (1957). A defendant may also impliedly consent to a forum's jurisdiction. For example, if a defendant does not raise a timely challenge to a federal court's assertion of personal jurisdiction, the challenge will be deemed waived. F.R.Civ.P. 12(h)(1). Implied consent may also arise from a defendant's pre-litigation conduct. For example, his use of a state's roads may be deemed to be implied consent to being sued in that state's courts for actions arising from the use of the roads. *Hess v. Pawloski*, 274 U.S. 352, 356–57, 47 S.Ct. 632, 633–34, 71 L.Ed. 1091 (1927).[3]

### B. Presence in the Forum State

■ If a defendant is physically present in the forum state, and is properly served with process, he will normally be subject to the personal jurisdiction of that state's courts on the action for which he has been served. *Pennoyer v. Neff*, 5 Otto 714, 722–34, 95 U.S. 714, 722–24, 24 L.Ed. 565 (1877). Even an airplane flight by the defendant over the forum state will subject him to service of process in that state. *Grace v. MacArthur*, 170 F.Supp. 442, 447 (E.D.Ark.1959). Although subject to much recent criticism, the general rule is that a defendant is subject to service of process for any cause of action whenever he is present in the forum state no matter how fortuitous that presence might be. See generally, Bernstine, *Shaffer v. Heitner: A Death Warrant for the Transient Rule of In Personam Jurisdiction?*, 25 Villanova L.Rev. 38 (1979).

■ A forum state may deem a plaintiff to be subject to a suit on a counterclaim in the forum state if he files a lawsuit there. *Adam v. Saenger*, 303 U.S. 59, 67–68, 58 S.Ct. 454, 458–459, 82 L.Ed. 649 (1938) (plaintiff filing a lawsuit is subject to counterclaims in that state "for all purposes for which justice to the defendant requires his presence"). A defendant may, in some jurisdictions, appear specially, not subjecting himself to general service of process, to challenge the assertion of personal jurisdiction over him. See *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). But cf. Anno., *Litigant's participation on merits, after objection to jurisdiction of person made under special appearance or the like has been overruled, as waiver of objection*, 62 A.L.R.2d 937 § 4 (1958).

■ Even if a person is not physically present in a state, he will still be deemed to be present for jurisdictional purposes if he is a domiciliary of the state. *Milliken v. Meyer*, 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). A state may also assert personal jurisdiction, for any cause of action, over a corporation that conducts continuous and systematic business in the state. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447–49, 72 S.Ct. 413, 419–20, 96 L.Ed. 485 (1952).[4]

---

**3.** Jurisdiction today could probably also be obtained in these situations under the minimum contacts approach. See part I.C.I., *infra*.

**4.** The *Perkins* opinion does not clearly indicate whether this result is because of the "minimum contacts" rule of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), or because of the implied presence of the corporation in the state. See 342 U.S. at 445–47, 72 S.Ct. at 418–19. Because

the jurisdiction extends to any cause of action, and not just to causes related to the corporation's contacts with the forum, the presence analysis seems preferable.

The *Perkins* opinion also stated that a state must affirmatively assert jurisdiction, for any cause of action, over a foreign corporation do-

The major exception to the presence rule is where a defendant is unfairly enticed into the state and then served with process there. See, e.g., *Wyman v. Newhouse*, 93 F.2d 313, 315 (2d Cir. 1937), *cert. denied*, 303 U.S. 664, 58 S.Ct. 831, 82 L.Ed. 1122 (1938) (declining to give full faith and credit to a default judgment obtained after the defendant was served after being unfairly lured into the state); *Sawyer v. LaFlamme*, 123 Vt. 229, 185 A.2d 466, 467 (1962) ("a court will refuse to exercise its jurisdiction in favor of a party that has used unlawful means to obtain service"); *Tickle v. Barton*, 142 W.Va. 188, 95 S.E.2d 427, 432–33 (1956) (service of process obtained by fraud or trick is invalid and does not justify the exercise of jurisdiction over a person so served); cf. *Western States Refining Co. v. Berry*, 6 Utah 2d 336, 313 P.2d 480, 481–82 (1957) (service of process is invalid if made on a defendant who came into the state solely for settlement negotiations).[5] See generally Anno., *Attack on personal service as having been established by fraud or trickery*, 98 A.L.R.2d 551 (1964); Anno., *Fraud as defense to action or judgment of sister state*, 55 A.L.R.2d 673 (1957).

### C. Causing Effects in the Forum State

If a defendant's actions affect people in the forum state, he may be subject to that state's jurisdiction, even though he is not present in the state. In order to determine whether a defendant is subject to personal jurisdiction under this approach, the court must make two separate inquiries: is there a state long-arm statute providing jurisdiction, and, is the assertion of jurisdiction proper under the Due Process Clause of the Fourteenth Amendment. C.R.S. § 13–1–124 lists the criteria for Colorado long-arm jurisdiction:

Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state;

(c) The ownership, use, or possession of any real property situated in this state; or

(d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting.

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), provides the guidelines for determining whether the assertion of personal jurisdiction is consistent with due process:

due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*Id.* at 316, 66 S.Ct. at 158 (citing *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

The test, continued the court,

cannot be simply mechanical or quantitative. . . . Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the

---

ing substantial business in the state; the Due Process Clause does not require such jurisdiction. 342 U.S. at 440–41, 72 S.Ct. at 415–16. The Colorado Supreme Court has approved such an assertion of jurisdiction. *Waterval v. District Court*, Colo., 620 P.2d 5, 9 (1980); *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 443, 560 P.2d 453, 456 (1977).

Although continuous and systematic business in the forum state almost always gives rise to jurisdiction over corporations, it is also

possible for an individual to be subject to jurisdiction under this rule. See, e.g., *ABKCO Industries, Inc. v. Lennon*, 52 A.D.2d 435, 384 N.Y.S.2d 781, 783–84 (1976).

**5.** But cf. *Gumperz v. Hofmann*, 245 A.D. 622, 283 N.Y.S. 823, *aff'd*, 271 N.Y. 544, 2 N.E.2d 687 (1935) (trickery in service of process is permissible where the defendant had already voluntarily entered the forum state).

laws which it was the purpose of the due process clause to insure.

*Id.* at 319, 66 S.Ct. at 159.

Because the assertion of personal jurisdiction must satisfy both the state jurisdictional statute and comply with due process, see *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. at 440–43, 72 S.Ct. at 415–17, courts normally must apply a two-part test to determine if there is personal jurisdiction. However, many states have long arm statutes that provide for jurisdiction to the maximum extent permitted under the Due Process Clause,[6] effectively eliminating the state-law element of the two-part test. In several cases the Colorado Supreme Court has held that C.R.S. § 13–1–124 is intended to allow Colorado courts to assert jurisdiction to the maximum extent permissible under due process. See, e.g., *Le Manufacture Francaise des Pneumatiques Michelin v. District Court*, Colo., 620 P.2d 1040, 1044 (1980); *Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 459, 448 P.2d 783, 784 (1968). This court may therefore assert personal jurisdiction in diversity cases whenever proper under due process.[7]

Although the *International Shoe* test must be applied to determine when the exercise of personal jurisdiction is proper, it is actually not very helpful. Phrases like "minimum contacts" and "fair play and substantial justice" have a nice ring, but they do not supply standards for a trial court to apply.[8] More-specific rules in other cases are helpful, but often personal jurisdiction must be determined on a case-by-case basis. See generally *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

The central inquiry in personal jurisdiction is "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). A unilateral act of the plaintiff is not a sufficient basis for jurisdiction. *Kulko v. Superior Court*, 436 U.S. at 97–98, 98 S.Ct. at 1699–1700. Rather,

> it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of

**6.** See, e.g., Cal.Civ.Proc.Code § 410.10: A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

**7.** In *Van Schaak & Co. v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975), the Colorado Supreme Court specified a three-part test that must be met before a Colorado court may assert *in personam* jurisdiction over a defendant:

> 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state;
> 2) the cause of action must arise from the consequences in the forum state of the defendant's activities; and,
> 3) the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

(quoting *White Lumber Sales, Inc. v. Sulmonetti*, 252 Or. 121, 448 P.2d 571, 574 (1968)). Because of the Colorado Supreme Court's interpretation of the Colorado long-arm statute, this three-part test must be deemed to be an application of the Due Process Clause of the Fourteenth Amendment, rather than an interpretation of the state law. Only because this test is

an application of federal constitutional law was it proper for the Colorado Supreme Court to apply it to determine if a California court's previous assertion of jurisdiction was proper in *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 442–43, 560 P.2d 453, 455–56 (1977). The *Van Schaak* test therefore is not binding precedent on this court, even in diversity cases.

Where the plaintiff is a Colorado resident the first two parts of the *Van Schaak* test will almost always be satisfied: the defendant's alleged wrong-doing caused important consequences to the plaintiff, as evidenced by the lawsuit, and the cause of action arises from those consequences. Therefore, only the third element will remain. Because it requires connections with the forum state that are substantial enough to make assertion of jurisdiction over the defendant reasonable, it essentially repeats the *International Shoe* test.

**8.** See also *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), which held that jurisdiction was proper when

> the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

(citations omitted).

conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. at 319, 66 S.Ct. at 159). See generally Anno., *"Minimum Contacts" Requirement of fourteenth amendment's due process clause (Rule of International Shoe Co. v. Washington) for state court's assertion of jurisdiction over non-resident defendant*, 62 L.Ed.2d 853 (1981). Personal jurisdiction usually arises either from a tortious act by the defendant having some effect in the forum state, or from the defendant's conduct of business having an effect in the forum state. See *Kulko v. Superior Court*, 436 U.S. at 96–97, 98 S.Ct. at 1699–1700. It may also arise from the defendant's ownership of property with the forum state, but this usually gives rise instead to *in rem* jurisdiction, which I do not consider in this opinion. See note 1 *supra*. See generally *Shaffer v. Heitner*, 433 U.S. at 207–12, 97 S.Ct. at 2581–83.

*1. Transaction of Business* [9]

In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the defendant had solicited by mail from outside the forum state an insurance policy with a resident. Aside from this one policy the defendant apparently had not solicited or done any other business in the forum state. When a dispute over the policy arose, the court held that it was proper to subject the defendant to the personal jurisdiction of the forum state's courts:

> It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State.

*Id.* at 223, 78 S.Ct. at 201. Likewise, when a defendant executes, outside of the forum

state, a contract which specifically obligates him to pay money to one inside the forum state, he may then be properly sued on that obligation in the forum state. *Halliburton Co. v. Texana Oil Co.*, 471 F.Supp. 1017, 1019 (D.Colo.1979); *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 442, 560 P.2d 453, 455 (1977); *Van Schaack & Co. v. District Court*, 189 Colo. 145, 147, 538 P.2d 425, 427 (1975).

When a defendant has traveled into the forum state to negotiate and execute a contract, he may be properly sued in the forum state for breaches of that contract. *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 522, 574 P.2d 95, 97 (1978). Even if a defendant does not enter the forum state, he may still be deemed to have transacted business there. For example, if a defendant participates by telephone in contract negotiations with people in the forum state and then soon executes the agreed-on contract, he will be deemed to have transacted business in the state and be subject to its court's jurisdiction. *Halliburton Co. v. Texana Oil Co.*, 471 F.Supp. at 1019.

On the other hand, the "mere existence of a contract executed by a [resident of the forum state] is insufficient to confer personal jurisdiction over an absent nonresident defendant." *Automated Quill, Inc. v. Chernow*, 455 F.Supp. 428, 432 (D.Colo. 1978) (citing *Hydraulics Unlimited Mfg. Co. v. B/J Manufacturing Co.*, 323 F.Supp. 996 (D.Colo.), *aff'd.*, 449 F.2d 775 (10th Cir. 1971). Because a forum-state resident is a party to the contract and it may be foreseeable that his rights in the forum state will be affected is not a sufficient basis for personal jurisdiction. *Associated Inns & Restaurant Co. of America v. Development Associates*, 516 F.Supp. 1023, 1027 (D.Colo. 1981). Even if a defendant enters the forum state to discuss with the defendant some of the details of operating the contract, this contact alone is not sufficient for

---

**9.** As I noted previously, when a defendant conducts continuous and systematic business in the forum state, jurisdiction is proper in that state for any cause of action, even if unrelated to the defendant's contact with the state. See note 4 *supra* and accompanying text. It is not clear whether this result is because of the defendant's presence in the state or because of its contacts with the state. Because it is clear that personal jurisdiction is proper under these circumstances, I will not consider them further here.

personal jurisdiction. *Id.* at 1026. If an out-of-state defendant merely places an order to buy goods from a forum-state seller, after the seller had solicited the order, then personal jurisdiction is not proper. *E. R. Callender Printing Co. v. District Court,* 182 Colo. 25, 510 P.2d 889 (1973).

■ If the defendant has substantial and continuous business contacts with the forum state, then he will be subject to its courts' jurisdiction for all causes of action. See notes 4 & 9 *supra* and accompanying text. When a defendant's contacts are "less than continuous although more than singular," then the inquiry must be deeper. See *Waterval v. District Court,* Colo., 620 P.2d 5, 9 (1980). If a defendant gives financial and legal counseling to a plaintiff outside of the forum state for two years, and then voluntarily and purposefully continues that relationship after the plaintiff moves into the forum state, then the defendant will be subject to the forum state's jurisdiction for causes of action arising from the plaintiff's reliance on that relationship. *Id.* at 9–11. In contrast, if an out-of-state defendant advertises nationally and as a result enters into an agreement with a forum-state resident, but performs all of his work outside of the forum state, and all of his work is directed to persons outside of the forum state, then the forum cannot assert personal jurisdiction over the defendant. *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 460–62, 448 P.2d 783, 785 (1969).[10]

### 2. Commission of a Tortious Act

■ C.R.S. § 13–1–124(b), like many states' long-arm statutes, allows Colorado to assert jurisdiction concerning a cause of action where the defendant committed a tortious act within Colorado. It is thus obviously proper for a Colorado court to subject to its jurisdiction a defendant who acted within Colorado in a manner that caused tortious injury to a plaintiff who was also in Colorado.

■ It also may be possible for a state's courts to assert jurisdiction where a defendant's act outside of the state causes tortious injury in the state. See, e.g., *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761, 762–63 (1961) (construing a similarly worded Illinois long-arm statute to assert jurisdiction where a defendant's allegedly wrongful act outside of Illinois caused injury in Illinois). Because the Colorado Supreme Court has held that C.R.S. § 13–1–124 is to be construed as asserting jurisdiction to the maximum extent permissible under due process, Colorado courts, and this court in diversity cases, may assert personal jurisdiction to the maximum extent allowed by due process over defendants whose acts outside of Colorado proximately cause adverse effects in Colorado. See, e.g., *Jenner & Block v. District Court,* 197 Colo. 184, 187, 590 P.2d 964, 966 (1979):

> the defendants committed in Illinois an intentional act [coercing plaintiff's president to sign a contract] which, for jurisdictional purposes, ripened into a tort upon occurrence of damages

Where the defendant has only isolated contacts with the forum state, due process does not allow the state's court to assert jurisdiction whenever it is merely foreseeable that the defendant's product "will find its way into the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Instead, the product's presence in the forum state must arise from the manufacturer's or distributor's efforts "to serve, directly or indirectly, the market for its product in other States," including the forum state. *Id.* If a defendant "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State," then that state may assert jurisdiction over the defendant on a cause of action relating to

---

**10.** Although the facts of *Waterval* and *Safari Outfitters* appear to be similar, the Colorado Supreme Court found them distinguishable. In *Waterval* jurisdiction was proper because the defendant's relationship with the plaintiff, after she moved to Colorado, was longer and more substantial than it was in *Safari Outfitters.* 620 P.2d at 10.

those products. *Id.* at 297-98, 100 S.Ct. 567-68.

If the defendant has more contacts with the forum state, then the cause of action need not arise directly out of those contacts, but still must be reasonably related to them. *Le Manufacture Francaise des Pneumatiques Michelin v. District Court*, Colo., 620 P.2d 1040, 1046-47 (1980) (jurisdiction in a products-liability case is proper in Colorado where the defendant placed tires in the stream of commerce with the foreseeable result that many would end up in Colorado even though it was not foreseeable that the defective tire would enter Colorado).

▮ Finally, if the "defendant's forum-related activity reaches such extensive or wide-ranging proportions as to make the defendant sufficiently 'present' in the forum state," then the state's courts may assert jurisdiction over the defendant on any cause of action. *Buckeye Boiler Co. v. Superior Court*, 71 Cal.2d 893, 458 P.2d 57, 62, 80 Cal.Rptr. 113, 118 (1969). See notes 4 & 9 *supra*.

### D.  Special Considerations for Federal District Courts

#### 1.  Diversity Cases

▮ Up to this point I have not distinguished between the limits of jurisdiction of a state court and a federal district court sitting in the same state. The general rule in diversity cases is that the federal district court's jurisdiction is co-extensive with the state court's. *Litvak Meat Co. v. Baker*, 446 F.2d 329, 331 (10th Cir. 1971); *Arrowsmith v. United Press International*, 320 F.2d 219, 222-23 (2d Cir. 1963) (en banc); see F.R.Civ.P. 4(e), (f). This rule is consistent with *Erie Railroad Co. v. Tompkins*, 304

U.S. 64, 78-80, 58 S.Ct. 817, 822-823, 82 L.Ed. 1188 (1938). If the federal district courts were to have greater jurisdiction, there would be both a danger of forum shopping, and a needless disregard of state law where there is no conflicting federal policy. Cf. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). See generally *Arrowsmith v. United Press International*, 320 F.2d at 226.

This does not mean, however, that congress cannot pass statutes expanding the jurisdiction of federal district courts in diversity cases. See, e.g., 28 U.S.C. § 2361 (authorizing nationwide service of process in interpleader actions under 28 U.S.C. § 1335). Such an expansion is permissible for federal courts even where it would not be permissible for state courts because federal sovereignty extends past the forum state's boundaries. Cf. *Pennoyer v. Neff*, 5 Otto 714, 722, 95 U.S. 714, 722, 24 L.Ed. 565 (1877).[11]

#### 2.  Federal Question Cases

In cases involving federal law there are often national interests that justify broader jurisdiction for the federal district courts. In *Robertson v. Railroad Labor Bd.*, 268 U.S. 619, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119 (1925), the U. S. Supreme Court stated:

> Congress clearly has the power to authorize a suit under a Federal law to be brought in any inferior Federal court. Congress has power, likewise, to provide that the process of every district court shall run into every part of the United States.

Accordingly, several courts have concluded that the minimum contacts analysis of *In-*

---

11.  One obvious reason that congress could authorize federal courts' jurisdiction to extend beyond a state's boundaries is that congress could create federal districts that passed over state boundaries. See generally *Driver v. Helms*, 577 F.2d 147, 156-57 (1st Cir. 1978) and *Briggs v. Goodwin*, 569 F.2d 1, 8-10 (D.C.Cir. 1977), *both cases rev'd sub nom. on other grounds*, *Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980).

For a discussion of the possible constitutional limits under the Due Process Clause of the Fifth Amendment on congress's power to extend federal district court jurisdiction in diversity cases, see P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart and Wechsler's The Federal Courts and the Federal System* 1106-08 (1973).

ternational Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) is inapplicable in federal question cases where congress has provided for more expansive jurisdiction. *Driver v. Helms*, 577 F.2d 147, 156 n.25 (1st Cir. 1978), *Briggs v. Goodwin*, 569 F.2d 1, 8–10 (D.C.Cir.1977), *both cases rev'd sub nom. on other grounds, Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). In *Stafford v. Briggs* the majority opinion did not reach this question because of its statutory interpretation. The dissent did, however, and concluded that the minimum contacts analysis was inapplicable. *Id.* at 553–54, 100 S.Ct. at 789–90 (dissenting opinion). Consistent with this analysis, congress has passed several statutes authorizing this more-expansive jurisdiction. For a listing see C. Wright & A. Miller, *Federal Practice and Procedure* § 1125, at 523 n.3 (1969).[12]

## II. DISPOSITION OF THIS CASE

### A. Jurisdiction

In the present case plaintiff's decedent solicited two bids from the defendants in Montana. The defendants then mailed the completed bid forms to him in Colorado, where he accepted them. Later, the parties exchanged several letters regarding the contracts. The defendants then solicited and received from plaintiff's decedent two checks as advance payment on the contracts. One of the two checks was drawn on a Colorado bank. Plaintiff alleges five causes of action which appear to be based on breach of contract, conversion, and fraud.

Plaintiff does not argue that the defendants consented to the jurisdiction of this court, or that personal jurisdiction is based on the defendants' conducted systematic and regular business in Colorado. Instead, plaintiff argues that defendants' actions caused effects in Colorado that make it reasonable to subject them to this court's jurisdiction. I therefore must apply the analysis of part I.C. *supra.*

On the breach-of-contract claims, this court may assert jurisdiction only if the defendants transacted sufficient business in Colorado connected with the contracts. See part I.C.1. *supra.* I conclude that defendants did not do so. Jurisdiction is not proper in Colorado merely because one of the parties to the contract was a Colorado resident. See *Automated Quill*, 455 F.Supp. at 432. Nor is jurisdiction proper merely because the defendants received a check drawn on a Colorado bank. This result is not changed because the defendants wrote several letters regarding the contract to the decedent in Colorado. See *Associated Inns*, 516 F.Supp. at 1027. Where the plaintiff's decedent initiated the contract, and the defendants were not to perform any work in Colorado, they are not subject to the jurisdiction of the Colorado courts on a breach-of-contract claim. See *Safari Outfitters*, 167 Colo. at 460–62, 448 P.2d at 785.

The present case is distinguishable from *Mr. Steak* and *Halliburton*, discussed in part I.C.1. *supra.* In those cases the correspondence between the plaintiff in Colorado and the defendant took place before the formation of the contract that formed the basis of the later lawsuit. This case is also distinguishable from *Tucker* and *Van Schaak*, also discussed in part I.C.1. *supra.* In those cases, unlike the present case, the defendants signed contracts that specifically obligated them to pay money to one in the forum state. In such cases the defendant purposefully availed himself on the forum to an extent that made the assertion of jurisdiction reasonable. See *Hanson v.*

---

**12.** These federal statutes usually do not explicitly expand the federal district courts' jurisdiction, but instead authorize extra-state service of process. However, because of the close relation between the two, the statutes effectively expand the courts' jurisdiction. See *Driver v. Helms*, 577 F.2d at 155.

Another problem that arises in these cases is whether the federal court is then authorized also to hear pendent state claims. See generally Wright & Miller § 1125, at 527–29.

Although this expansive jurisdiction might appear to allow suits to be brought in an inconvenient forum, federal courts retain the power to change venue under 28 U.S.C. § 1404(a) when necessary in the interests of justice or for the convenience of the parties.

*Denkla,* 357 U.S. at 253, 78 S.Ct. at 1239. In contrast, if the defendant merely stays in contact with the other party to the contract, and that party happens to be in Colorado, there is not the same "purposeful availment." Instead, the Colorado contacts are largely based on a "unilateral act" of the plaintiff. See *Kulko v. Superior Court,* 436 U.S. at 97–98, 98 S.Ct. at 1699–1700.

The present case is also distinguishable from *Waterval v. District Court,* discussed in part I.C.1. *supra.* Here defendants' Colorado contacts were only based upon two contracts that had been formed before the defendants had sufficient minimum contacts with Colorado. In *Waterval* the defendant continued a business relationship with the plaintiff after she moved to Colorado.

■ On the conversion claims, I must apply the analysis of part I.C.2. *supra.* I conclude that jurisdiction is not proper on these claims. The plaintiff's decedent sent his money to the defendants in Montana. All of their actions causing the alleged conversion took place in Montana. The only possible damage to the plaintiff was to his money that was already in Montana. Because defendants' alleged actions did not cause any damage in Colorado, jurisdiction on the conversion claims is not proper in Colorado.

■ On the fraud claim,[13] I must also apply the analysis of part I.C.2. *supra.* Viewing the facts in a light most favorable to the plaintiff, as I must on this motion, the defendants made an affirmative misrepresentation intending to induce, and actually inducing, justifiable reliance by the plaintiff's decedent in Colorado, which caused him damages in Colorado. Such facts, if proven at trial, would go beyond the breach-of-contract and conversion claims. By such acts the defendants purposefully availed themselves of Colorado by proximately causing tort damage in Colorado.

Jurisdiction on this claim is therefore proper in Colorado. See *Jenner & Block,* 194 Colo. at 187, 590 P.2d at 966.

### B. Venue

The defendants argue alternatively that I should transfer this action to the District of Montana under 28 U.S.C. § 1404(a). Because I have determined that this court is without jurisdiction to hear any of the claims for relief except for the fraud claim, I will only consider the change-of-venue motion for that claim.

Under 28 U.S.C. § 1391(a), venue is proper in this action either in the District of Colorado or in the District of Montana. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In the present case the defendants argue that this action should be transferred to Montana because that is where the performance on the contract was to be, that is where the alleged wrongs took place and that is where most of the necessary witnesses are. The plaintiff responds that the defendants do not actually plan to litigate this case, as evidenced by their previous willingness to deposit the amount claimed in an interpleader action under 28 U.S.C. § 1335, and that plaintiff has some unspecified Colorado witnesses.

■ I do not have to resolve this dispute. Because I have dismissed the contract and conversion claims that form the heart of this lawsuit, and because it appears likely that the plaintiff will re-file these claims in the District of Montana, the only other district where venue is proper, and the only district that may assert personal jurisdiction, I conclude that in the interests of justice, the fraud claim should be transferred to the District of Montana.[14]

---

13. This is the third claim for relief in plaintiff's amended complaint.

14. The defendant specifies a certain division of the District of Montana to which this case should be transferred. I will leave that determination up to the judges of the District of Montana.

IT IS ORDERED that the first, second, fourth and fifth claims for relief in plaintiff's amended complaint are dismissed without prejudice for lack of personal jurisdiction. It is further

ORDERED that the amended complaint's third claim for relief is transferred, pursuant to 28 U.S.C. § 1404(a), to the District of Montana.