**ROCKY MOUNTAIN MOTOR TARIFF BUREAU, INC., Plaintiff,**

v.

**G.R. LEONARD & CO., an Illinois corporation, Defendant.**

**Civ. A. No. 86–K–796.**

United States District Court, D. Colorado.

Feb. 9, 1987.

William E. Kenworthy, Denver, Colo., for plaintiff.

Gregg I. Anderson, Holland & Hart, Denver, Colo., and Denis A. Berntsen, Robert C. Ryan, Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

KANE, District Judge.

I am faced with three motions in this action for copyright infringement: defendant's motion to dismiss for lack of personal jurisdiction, defendant's motion for summary judgment, and plaintiff's motion for a preliminary injunction. For the reasons set forth below, all three motions are denied.

## Personal Jurisdiction

█ Leonard contends it is not subject to the personal jurisdiction of this court because its contacts with Colorado are insufficient to satisfy the miminum contacts test. I disagree. I may assert jurisdiction over a defendant on a cause of action relating to products which are delivered into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525, 533–34 (D.Colo.1982). This case relates to the guidebooks which defendant knowingly distributes to its Colorado subscribers. *See* Plaintiff's Brief in Opposition to Motion to Dismiss at 2–3. Plaintiff has satisfied its burden of making a prima facie showing of jurisdiction. *Behagen v. Amateur Basketball Assn.*, 744 F.2d 731, 733 (10th Cir. 1984). Therefore, defendant's motion to dismiss for lack of personal jurisdiction is denied.

## Summary Judgment

█ The tariff which plaintiff contends defendant copied in "major portions," Amended Complaint, ¶ 10, must be filed with the Interstate Commerce Commission. 49 U.S.C. § 10762(a)(1). Plaintiff has copyrighted this tariff. Amended Complaint, ¶ s 7,11. Against this background, defendant has moved for summary judgment on the following basis:

> ICC tariffs, however, have the force and effect of law and are, in effect, statutes. Since statutes and laws are *never* copyrightable, an ICC tariff is not copyrightable. Thus, even assuming for purposes of this motion that defendant had copied the ICC tariff, copying of the uncopyrightable ICC tariff cannot constitute copyright infringement as a matter of law.

Defendant's Brief for Summary Judgment at 1 (emphasis by defendant).

The controlling case on this issue is *Rand McNally & Co. v. Fleet Manage-*

*ment Systems, Inc.*, 591 F.Supp. 726 (N.D. Ill.1983). One of Rand McNally's arguments before the district court was that "its filing of the *Mileage Guide* with the ICC in no way affects its valid copyrights, as tariffs are not equivalent to judicial opinions and statutes." *Id.* at 729. Fleet Management, doing business as Logistics Systems, adopted a contrary position: "[T]he *Mileage Guide,* because filed with the ICC to be used in conjunction with a particular tariff, has the legal effect similar to that of a statute or judicial opinion, both of which have been held uncopyrightable." *Id.* at 735.

Rand McNally prevailed on this issue. Three main reasons were discussed. First, an old and well-established legal principle held that only "statutes and opinions promulgated by government officials for general application" are uncopyrightable. *Id.* at 736. "The court sees no reason to extend this body of law to a privately published distance guide that is used as a tariff reference publication." *Id.* Moreover, "[t]he government cannot be said to have adopted the *Mileage Guide*, since the regulations leave to private choice what type of distance information, if any, should be on file." *Id.* Finally, the court noted the copyright posed no due process problem because applicable regulations required public access to the guide. *Id.*

This rationale is dispositive of the summary judgment motion.[1] At least for copyright purposes, I too perceive no reason to widen a relatively narrow exception to the principle of copyrightability.

More importantly, the tariff at issue here is a creature of private effort. It is not a government promulgation because the applicable regulations invest plaintiff with considerable leeway in structuring the form and content of the tariff. *See, e.g.,* 49 C.F.R. § 1312.14. In the limited context of the facts of this case, I do not agree with defendant that the tariffs have the same force and effect as statutes or opinions. The tariffs are designed to prevent discrimination in carrier rate charges. 49 U.S.C.

---

1. Defendant has attempted to distinguish *Rand McNally,* Brief for Summary Judgment at 11, n.

1; Reply Brief at 2–3, but I find its reading of the case to be unsatisfactory.

§ 10741. The ICC's function in relation to the tariffs is to ensure their reasonableness, 49 U.S.C. § 10701, and to maintain their even-handed availability for all parties concerned, 49 U.S.C. § 10303. In this manner, the tariffs will perform their function of precluding price discrimination. The ICC prohibits certain transportation in the absence of tariffs, 49 U.S.C. § 10761, but the statutory scheme allows members of the carrier industry to set the rates for the tariffs and to formulate a methodology for their implementation. Thus I disagree with defendant's claim that "the ICC, as an official government agency, promulgated the 583 tariff" at issue in this case. Defendant's Brief at 3.

Lastly, I disagree with defendant's assessment of a "glaring" due process problem arising from limited public access to the tariff. *Id.* at 5. As in *Rand McNally*, the relevant statutes and regulations are replete with assurances of public awareness of, and reasonable access to, the tariff. *See, e.g.*, 49 U.S.C. §§ 10303, 10762(a)(2), 10762(b)(1); 49 C.F.R. §§ 1001.-1, 1001.2, 1312.5, 1312.6.

Since all three of the rationales invoked by the *Rand McNally* court are applicable in this case, defendant's motion for summary judgment must be denied. Tariff 583 is not uncopyrightable simply because it has been filed with the ICC and published in accordance with federal law. Copying of the tariff can constitute copyright infringement. Leonard can be held liable for copyright infringement, assuming all the prerequisites of that cause of action are proven.

### Preliminary Injunction

On April 23, 1986, plaintiff moved for a preliminary injunction enjoining defendant from "publishing, producing, distributing, selling or leasing" the guidebooks which plaintiff contends are the source of the copyright infringement. This motion was amended on April 29, 1986. No hearing date was set, and plaintiff renewed the request this past December. A hearing was scheduled, but after defendant's objection it was vacated. Defendant then moved for denial of the motion without a hearing, and a brief in support of its position.

This odd procedural history may be attributed to plaintiff's anticipation "that a ruling by the court denying defendant's motion for summary judgment might be dispositive of the issues and lead to resolution of the controversy." Plaintiff's Reply Brief for Preliminary Injunction at 5. Plaintiff moved for a preliminary injunction twice only because of my delay in ruling on the motions to dismiss and for summary judgment. *Id.*

Since I have now ruled on those motions, plaintiff's anticipations may be realized. Therefore, I will deny the motion for a preliminary injunction, but without prejudice.

IT IS ORDERED that:

1. Defendant's motion to dismiss is denied;

2. Defendant's motion for summary judgment is denied; and

3. Plaintiff's motion for a preliminary injunction is denied without prejudice.